**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Ivy Asia Fontenot, et al.,<br><br>Defendants. | No. CR-22-00175-001-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant Fontenot's ("Ms. Fontenot's") Motion to Sever Co-Defendant's Case. (Doc. 55.) The Government has responded, (Doc. 71), and Ms. Fontenot replied, (Doc. 89). Co-defendant Brooks did not file a response but objected to any severance in open court. In considering this issue, the Court has also read Ms. Fontenot's Motion In Limine Evidence of Duress, Coercion, and Compulsion, (Doc. 54), because it provides additional, relevant information. For the reasons explained below, the Court will grant Ms. Fontenot's Motion to Sever.

## I.     Legal Standard

It is true that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States,* 506 U.S. 534, 113 S. Ct. 933 at 937 (1993). Indeed, the hurdle on a motion to sever is "intentionally high, particularly in conspiracy cases, where severance is especially disfavored." *United States v. Celestin,* 612 F.3d 14, 19 (1st Cir. 2010) (quoting *United States v. Peña–Lora*, 225 F.3d 17, 33 (1st Cir. 2000) (internal quotation marks omitted)). But Federal Rule of Criminal

Procedure 14(a) provides that, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Rule 14 specifically authorizes a severance where it appears that a defendant might be prejudiced by a joint trial. *Bruton v. United States*, 391 U.S. 123, 131 (1968).

## II. Discussion

Ms. Fontenot is charged in four counts: (1) conspiracy to commit sex trafficking using fore fraud or coercion in violation of 18 U.S.C. §§ 1594(c) and 1591; (2) sex trafficking by force, fraud, or coercion in violation of 18 U.S. C. §§ 1591(a) and 1591(b)(1); (3) transportation with the intent to engage in prostitution in violation of 18 U.S.C. § 2421(a); and (4) coercion and enticement in violation of 18 U.S.C. § 2224(a).

Ms. Fontenot's defense will be one of coercion and duress at the hand of Defendant Brooks. Her position is that she was manipulated and coerced in to remaining in a pimping relationship with Brooks. She will testify to the abuse she sustained at the hands of Defendant Brooks. Moreover, she alleges that Mr. Brooks beat her if he didn't like the way she answered him, at times beating her to the point of hospitalization. She further alleges that Defendant Brooks limited and monitored her cellphone usage and controled all of her finances. Co-Defendant Brooks also made it clear that he knows where Ms. Fontenot's family lives and has shown up at her mother's residence unannounced. Ms. Fontenot's counsel describes how Defendant Brooks tried to manipulate her at a status hearing in this Court on June 27 before the Judge took the bench. The Court also observed Mr. Brooks attempting to assert his dominance over Ms. Fontenot in the courtroom, even while she was represented by counsel.

Ms. Fontenot argues that her defense is irreconcilable with Co-Defendant Brooks' defense. However, Defendant Brooks has not made his defense theory known, so the Court can only speculate as to any potential prejudice. Even if the defenses are antagonistic, that does not mandate severance of a trial. *Zafiro*, 506 U.S. at 538.

The Government argues that Ms. Fontenot will not be able to present a duress defense after they present evidence to challenge the defense. *See United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) ("[A] defendant is not entitled to present a duress defense to the jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof."). The Government cites to evidence which shows that Ms. Fontenot had a reasonable opportunity to escape, which would negate a duress defense.[1]

In her Reply, Ms. Fontenot argues that her Sixth Amendment right to present a credible defense will be compromised. Once More, Defense Counsel cites to a hearing on July 22, when Co-Defendant Brooks again engaged in intimidating behavior toward Mr. Fontenot. This case does not present the typical argument for prejudice. The argument, at its core, is that prejudice is present because Co-Defendant Brooks is intimidating Ms. Fontenot to such an extent that she may be unable or unwilling to present her defense.

Ms. Fontenot primarily relies on the ruling in *U.S. v. Breinig*, 70 F.3d 850 (6th Cir. 1995). In *Breinig*, the Sixth Circuit found that the lower court errored by not severing the trials of an ex-husband and ex-wife on charges of tax evasion for the business they owned while they were married. *Id.* at 853–54. The wife alleged diminished capacity to negate her mens rea because of her husband's abuse. *Id.* at 851. The Sixth Circuit said it was error to deny the husband's severance motion because the evidence of his bad character would not have been admitted had he been tried alone. *Id.* at 853.

The Government notes that *Breinig* is distinguishable because it was the abuser requesting the severance and, in this case, the alleged abuser—Brooks—is adamantly opposed to a severance. Additionally, the Sixth Circuit recognized that its decision was very fact driven and exceptional. *Id.* The Court agrees that *Breinig* presented an entirely

---

[1] A defendant acts under duress, coercion, or compulsion only if at the time of the crime charged: (1) there was a present, immediate, or impending threat of death or serious bodily injury to the defendant, a family member of the defendant if the defendant did not commit or participate in the commission of the crime; (2) the defendant had a well-grounded fear that the threat of death or serious bodily injury would be carried out; and (3) the defendant had no reasonable opportunity to escape the threatened harm. *Ninth Circuit Model Criminal Jury Instructions*, § 5.7 Duress, Coercion or Compulsion (Legal Excuse) (2019).

- 3 -

different set of concerns, and that the *Breinig* Court held that severance was warranted to protect the abuser from prejudice resulting from the admission of bad character evidence.

In this case, Ms. Fontenot is the abused and seeks protection from Brook's intimidation and manipulation during trial. But the Court finds that—like the situation in *Breinig*—this is a unique and exceptional circumstance, such that severance is required. It was very clear from this Court's own observations that Brooks has control over Ms. Fontenot. Ms. Fontenot's demeanor changes the minute she is in the courtroom at the same time as Defendant Brooks. The Court has no doubt that she will be severely limited in her ability to help her counsel during trial, decide whether to testify, or make any other decisions on her own if she proceeds to trial with Brooks.

### III. Conclusion

Therefore,

**IT IS ORDERED granting** Ms. Fontenot's Motion to Sever Co-Defendant's Case. (Doc. 55).

Dated this 28th day of July, 2022.

Honorable Susan M. Brnovich
United States District Judge